Taylor v. French.

========

OLIVIA TAYLOR *et als.* v. JAMES H. FRENCH AND JOHN HARBERT.

BILLS AND NOTES. *Endorser. Parol evidence, when admissible.* Parol evidence is admissible, as between the immediate parties, to show that the endorser in blank of negotiable paper by agreement at the time, varied or enlarged the liability implied by law from endorsement.

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby County. C. W. HEISKELL, J.

GREER & ADAMS and McKISICK & TURLEY for Taylor.

H. CRAFT, ESTES & ELLETT and E. J. & J. C. READ for French and Harbert.

COOPER, J., delivered the opinion of the court.
17—VOL. 2.

The mother of the plaintiffs, then infants, loaned twelve thousand dollars of their funds to Partee & Harbert, a firm composed of C. C. Partee and B. F. Harbert, taking therefor two notes of the firm, dated June 1st, 1870, payable twelve months after date, to Jno. Harbert and H. Partee, endorsed by them severally, and by James H. French.

The two notes were alike, except that the name of H. Partee preceded the name of John Harbert in the body and on the back of one of them. The money was paid to B. F. Harbert. The notes were not presented for payment at maturity, nor were the endorsers notified of their dishonor. The firm paid interest at the end of the first year. This suit was brought on the 15th April, 1872, against all parties to the paper.

Pending the suit Partee & Harbert received a discharge in bankruptcy, and their plea to that effect was admitted and allowed. The suit abated as to H. Partee, by his death.

The remaining defendants, John Harbert and James H. French, demurred to the plaintiff's declaration, and the demurrer was sustained as to all the counts except two. Issue was joined on these counts, and a trial had, resulting in a verdict and judgment for the defendants, and the plaintiff appealed in error.

The second and third counts of the declaration sought a recovery against the defendants as endorsers simply, without averring demand and notice, and were clearly bad. The fifth count was for money loaned and advanced, and the eighth count averred an exten-

sion of the time of payment for one year after the maturity of the note, with the knowledge and consent of the endorsers.

The trial was on the fifth and eighth counts. The other counts, after making profert of the notes showing that the endorsements were in blank, averred that the endorsers had agreed to be bound, at the inception of the paper, as sureties, guarantees, or co-makers.

The learned circuit judge was of the opinion that parol evidence was inadmissible to show a different obligation on the part of the endorsers at the execution and delivery of the paper, from which the law would imply from the endorsements.

The point for consideration, and which has been argued with marked ability, is the admissibility of parol evidence to show the real contract as averred in the declaration. The general rule that parol evidence is not admissible to contradict or vary terms of a written instrument, applies to promissory notes, as has been repeatedly held by this court. *Campbell* v. *Upshaw*, 7 Hum., 185; *Hancock* v. *Edwards*, 7 Hum., 349; *Blackmore* v. *Wood*, 3 Sneed, 470; *Ellis* v. *Hamilton*, 4 Sneed, 512. The rule also, perhaps, applies to regular endorsements, as against a *bona fide* holder for value before maturity. And some courts have applied it even between the immediate parties. *Lake* v. *Stetson*, 13 Gray, 310, note. The tendency of recent decisions seems to be in that direction, upon the ground that the contract is as fully expressed by the simple endorsement as if written out in full over the

signature.    1  Dan.  Neg.  Instr., sec. 717.    The  rule
is  clearly  otherwise  when  the  endorsements  are  irregu-
lar,  as,  for  example,  when  the  endorser  puts  his  name
on  the  paper  before  the  payee,  or  for  the  benefit  of
the  payee.    Id.,  sec.  710;  *Rivers* v. *Thomas,* 1  Lea,.
649.    And  many  courts  allow  parol  evidence  in  all
cases  of  blank  endorsements,  because  the  right  to  de-
mand  and  notice  arises  by  implication  of  law,  and
may  be  waived  directly  or  indirectly  by  conduct  and
circumstances.    *Dick* v. *Martin,* 7  Hum.,  263;  *Ross*
v. *Espy,* 66  Penn.  St.,  487;  *Davis* v. *Morgan,* 64  N.
C., 381;  *Johnson* v. *Martimus,* 4  Halst.,  144;  *Cartrigue*
v. *Battigieg Moore,* P.  C.  C., 94.

The  authorities  are  generally  agreed  that  the  statute
of  frauds  has  no  application  to  contracts  within  the
law  merchant,  or  that  an  endorsement  in  blank  is  suf-
ficient  to  satisfy  the  statute,  the  signature  applying  to
the  contract  already  written  in  the  instrument  endorsed,
or  to  the  words  above  the  signature  which  are  after-
ward  written  by  express  or  implied  authority.    2
Dan.  Neg.  Instr.,  sec.  1765.

This  court  has  uniformly  held  that  parol  evidence
is  admissible  between  the  immediate  parties,  to  show
the  real  contract  of  the  endorser,  even  in  the  case  of
regular  endorsements.    Thus  parol  evidence  has  been
declared  admissible  to  show  a  waiver  of  demand  and
notice.    *Kimbroe* v. *Lamb,* 3  Hum.,  17;  *Dick* v. *Mar-
tin,* 7  Hum.,  263.    So  to  prove  that  the  endorser
guaranteed  the  payment  of  the  note.    *Hall* v. *Rodgers,*
7  Hum.,  536.    And  to  show  an  absolute  undertaking
on  the  part  of  the  endorser,  provided  the  proof  was

Taylor *v.* French.

clear and satisfactory.   *Newell* v. *Williams*, 5 Sneed, 209.   "There is no question," says Judge McKinney, "but that an endorser in blank may by his agreement enlarge or vary the liability created by law.   As in the case of an endorsement in full, it may be general or restrictive, qualified, conditional, or absolute.   Nor is there any doubt as to the right of the holder to fill up the blank endorsement in conformity to the agreement of the parties; and such agreement is to be interpreted so as to carry into effect their true intention; neither is there any doubt that, if the endorsement remain in blank, or only partially filled up, the holder may on the trial, show by parol evidence the nature and extent of the undertaking of the endorser."  *Brookway* v. *Comparree*, 11 Hum., 360.                    •

The court below erred in sustaining the demurrer to any except the second and third counts of the declaration.

The judgment must be reversed, the demurrer overruled in accordance with this opinion, and the case remanded for further proceedings.